IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORLANDO ARROYO-MORALES,<br><br>**Plaintiff**,<br><br>v.<br><br>ADMINISTRACION DE CORRECCION, *et al.*,<br><br>**Defendants**. | **CIVIL NO.** 12-1715 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the motion for summary judgment filed by defendants Alexander Rodriguez-Madera ("Rodriguez-Madera") and Rafael Mendez-Serrano ("Mendez-Serrano") asserting that the plaintiff failed to exhaust his administrative remedies properly prior to filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Docket No. 54.) Having considered the content of that motion and plaintiff's opposition, (Docket No. 64), the Court **GRANTS** defendants' motion.

**BACKGROUND**

At the time of the events in question, plaintiff was an inmate at the Bayamon 501 Correctional Facility. (Docket No. 60-1 at p. 1.) Following the death of his daughter, he made a vow never to cut his hair again. Id. Later, in 2009, he converted to Islam. Id. Although a certain skin condition prevented him from growing facial hair in accordance with the traditional "religious vow of

the beard," plaintiff's Muslim chaplain allowed him to grow his hair out instead.  Id. at p. 1-2.  This vow created problems during plaintiff's incarceration at the Bayamon 501 facility, however, when various prison officials demanded, pursuant to the prison rules, that he submit to a haircut.  Id. at p. 2.  After several encounters with the prison staff, plaintiff unwillingly allowed them to cut his hair in March and July of 2012.  Id.  Following these incidents, plaintiff filed an administrative grievance, #B-646-12, with the Administrative Remedies Division at the Department of Corrections on August 24, 2012, which asserted violations of plaintiff's constitutional right to freedom of religion.  Id.  On September 20, 2012, the Administrative Remedies Division sent plaintiff an answer to his grievance, which stated that it had no notice of his complaint and advised him to contact the Regional Director with any further inquiries.  Id. at p. 3.  Plaintiff received this answer, but did not file a request for reconsideration or otherwise appeal the evaluator's decision.  Id. at p. 4.  Nor did he request judicial review of the decision before the Puerto Rico Court of Appeals.  Id. at p. 5.

   Plaintiff did, however, file a complaint with this Court on August 30, 2012 alleging violations of both his First Amendment religious rights pursuant to 42 U.S.C. § 1983 ("section 1983"), and the Religious Land Use and Institutionalized Persons Act

("RLUIPA").[1]  The essential issue before the Court is whether that act of bringing federal suit was legally permissible at the time it was taken.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A fact is "material" if it has the potential to "affect the outcome of the suit under the governing law." Id. A dispute is "genuine" when it "could be resolved in favor of either party." Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party must demonstrate this through definite and competent

---

[1] On May 23, 2013, defendants Administración de Corrección del Estado Libre Asociado de Puerto Rico ("Administracion de Correccion"), Attorney General Guillermo Somoza, and Rodríguez-Madera filed a motion to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 19.)  On September 12, 2013, Magistrate Judge Marcos Lopez issued a report and recommendation ("R&R") recommending that the motion be granted in part and denied in part. (Docket No. 25.)  No parties objected to the R&R, and it was adopted by the Court on February 19, 2014. (Docket No. 44.)  After the Court's acceptance of the R&R, the following claims remained:  (1) claims for injunctive relief pursuant to section 1983 and RLUIPA against Rodriguez-Madera in his official capacity; and (2) claims for damages pursuant to section 1983 against Rodriguez-Madera in his individual capacity.  All claims against the Administracion de Correccion and Attorney General Guillermo Somoza were dismissed.

Civil No. 12-1715 (FAB)                                                    4
_____

evidence.  See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  It must identify "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" which support its motion.  Id. (citing Fed.R.Civ.P. 56(c)).  Once a properly supported motion has been presented, the burden shifts to the non-moving party "to demonstrate that a trier of fact reasonably could find in [its] favor."  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted).

If the non-moving party establishes uncertainty as to the "true state of any material fact, the movant's efforts should be deemed unavailing."  See Lopez & Medina Corp, v. Marsh USA, Inc., 694 F. Supp. 2d. 119, 123 (D.P.R. 2010) (citing Suarez v. Pueblo Int'l., 229 F.3d 49, 53 (1st Cir. 2000)).  It is well-settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Anderson, 477 U.S. at 252.  It is therefore necessary that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion.'"  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (internal citation omitted).  Otherwise, if the non-moving party's case rests merely upon "conclusory allegations, improbable references, and unsupported speculation," summary judgment is appropriate Forestier Fradera v. Municipality of Mayagüez, 440 F.3d 17, 21 (1st Cir. 2006).

Civil No. 12-1715 (FAB)                                                5

## DISCUSSION

The sole argument advanced by defendants in their motion for summary judgment is that plaintiff's action before this Court should be precluded by his failure to exhaust the administrative remedies provided to him by the Puerto Rico Department of Corrections ("PR DOC"). (Docket No. 54 at p. 2, 11.) Specifically, defendants point to plaintiff's failure to request reconsideration of the evaluator's response to his grievance, and to seek judicial review of that answer before the Puerto Rico Court of Appeals. Id. at p. 11. The failure to pursue these steps prior to filing a federal lawsuit, defendants argue, violated the PLRA and should therefore prove fatal to plaintiff's current action. Plaintiff admits that he did not properly exhaust his administrative remedies before filing with this Court. (Docket No. 64 at p. 5.) He points, however, to several discretionary exceptions, pursuant to Puerto Rico law, to the exhaustion requirement and argues that his case falls within the boundaries of that safe harbor. Id. at pp. 5-6. For the reasons discussed below, the Court finds that plaintiff failed to exhaust his administrative remedies in violation of the PLRA and that the cited exceptions should not be invoked here to waive that failure.

### I. The PLRA and Administrative Remedy Requirements

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional

Civil No. 12-1715 (FAB)                                                         6

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, pursuant to the PLRA, exhaustion of all available administrative remedies is "mandatory" and "a prerequisite to suit." Porter v. Nussle, 534 U.S. 516, 524 (2002). This means that a plaintiff must exhaust all available remedies prior to commencing an action in federal court, even if the available remedies are not "plain, speedy, and effective" or do "not meet federal standards." Id. (internal quotations omitted). Given the mandatory nature of the exhaustion requirement, proof of a plaintiff's failure to exhaust warrants dismissal of a plaintiff's complaint. See, e.g., Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Johnson v. Thyng, 369 Fed. Appx. 144, 149 (1st Cir. 2010); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002). Plaintiffs, however, need not plead exhaustion in the complaint. Rather, the exhaustion requirement functions as an affirmative defense, thus placing the burden of showing non-exhaustion on the defendants. See Casanova v. Dubois, 304 F.3d 75, 77 (1st Cir. 2002) (holding that "exhaustion of PLRA remedies is an affirmative defense"); Jones v. Bock, 549 U.S. at 212 (affirming the First Circuit Court of Appeals and other circuits' conclusion that exhaustion is an affirmative defense).

To exhaust administrative remedies properly, a prisoner must complete the grievance procedures specified by the prison system in

Civil No. 12-1715 (FAB)                                                    7

which he is held.  Jones v. Bock, 549 U.S. at 218.  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Id.  Accordingly, to determine the relevant boundaries of exhaustion in this case, the Court must look to the particulars of the PR DOC's internal grievance process.

**II.  The PR DOC's Grievance Process**

The procedure by which a member of the Puerto Rico correctional population can seek administrative remedies was established by the PR DOC in its Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population.  That procedure basically consists of five tiers of review, as follows:[2]  (1) review of the prisoner's petition by an evaluator, (2) an appeal, following the evaluator's response, to the regional coordinator, (3) a motion to have the regional coordinator reconsider his decision, (4) an appeal to the program director if the prisoner is unsatisfied with the regional coordinator's resolution, and (5) a request for judicial review before the Puerto Rico Court of Appeals.  Each of these steps must be pursued in turn for a prisoner to exhaust his administrative remedies fully, as required by the PLRA.  See Cruz-Berrios v. Oliver-Baez, 792 F.Supp.2d 224, 228–229 (D.P.R. 2011) (Besosa, J.)

---

[2] Because plaintiff concedes that he did not exhaust his administrative remedies, the Court need not describe the PR DOC's grievance process at length.  For a more detailed explanation of the applicable procedures, see Cruz-Berrios v. Oliver-Baez, 792 F.Supp.2d 224, 228–229 (D.P.R. 2011) (Besosa, J.).

Civil No. 12-1715 (FAB)                                                  8

("Pursuing administrative remedies by taking some, but not all, of the steps available does not constitute exhaustion for the purpose of determining whether a party has exhausted all administrative remedies.") (citing Johnson v. Thyng, 369 Fed. Appx. at 148.)

    Here, plaintiff Arroyo-Morales admits that he failed to take all steps included in the PR DOC's grievance process before filing his complaint with this Court.  (Docket No. 64 at p. 5.)  This concession is substantiated by evidence in the record showing that he neither requested review of the evaluator's response by the regional coordinator, nor sought judicial review by the Puerto Rico Court of Appeals.  See Docket No. 60-1 at pp. 3-5.  Rather, he pursued only the preliminary tiers of administrative review, and chose not to avail himself of the additional procedures provided to him as part of the correctional facility's internal grievance process.  Based on this uncontroverted evidence, the Court is satisfied that plaintiff did not exhaust all available administrative remedies offered by the PR DOC, a mandatory pre-requisite to bringing suit in federal court.  Plaintiff argues, however, that his failure to exhaust should be excused by certain discretionary exceptions available pursuant to the Puerto Rico Uniform Administrative Procedure Act, Law No. 170 ("Law 170"), P.R. Laws Ann. tit. 3, § 2173.  The Court now turns to this waiver issue.

Civil No. 12-1715 (FAB)                                                9

**III. Discretionary Waiver of Exhaustion Pursuant to Law 170**

Section 2173 of Puerto Rico's Uniform Administrative Procedure Act authorizes courts to waive exhaustion requirements in certain circumstances.  The statute provides, in pertinent part, that:

> The court may exempt a petitioner from having to exhaust any or all of the administrative remedies provided in case such remedy is inadequate or that requiring its exhaustion would cause irreparable harm to the petitioner and in the balance of interests it is not justified to exhaust such remedies, or when a substantive violation of constitutional rights is alleged, or when it is useless to exhaust the administrative remedies due to an excessive delay in the procedures . . . ."

P.R. Laws Ann. tit. 3, § 2173.  Plaintiff requests that the Court apply these discretionary exceptions to excuse his exhaustion failure and allow his federal lawsuit against defendants to proceed.  (Docket No. 64 at pp. 5-6.)  As discussed above, however, the PLRA speaks in unambiguous terms, providing that "[n]o action shall be brought" absent exhaustion of available administrative remedies.  42 U.S.C.A. § 1997e(a).  The Supreme Court of the United States has recently reaffirmed its interpretation of this statutory text to mean that there are essentially "no limits on an inmate's obligation to exhaust" and that "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856, 195 L. Ed. 2d 117 (2016); see also Woodford v. Ngo, 548 U.S. 81, 90 (2006) (finding that administrative law requires "proper exhaustion" of administrative remedies, "which means using all steps that the agency holds out, and doing so properly.") (internal quotations omitted.)  In other

Civil No. 12-1715 (FAB)                                                    10

words, the Supreme Court has made clear that the PLRA establishes a mandatory exhaustion regime, thereby "foreclosing judicial discretion." Ross, 136 S. Ct. at 1857. Consequently, "every attempt to deviate . . . from [the PLRA's] textual mandate" has been rejected. Id. Mindful of the Supreme Court's observation that "wide-ranging discretion 'is now a thing of the past'" with respect to the PLRA's exhaustion requirement, the Court **DECLINES** the opportunity to waive plaintiff's exhaustion failure through application of Law 170's discretionary exceptions. Id. at 1858 (quoting Booth v. Churner, 532 U.S. 731, 732 (2001)). Accordingly, the Court **GRANTS** defendants' motion for summary judgment.

## CONCLUSION

Defendants have successfully carried their burden to demonstrate that plaintiff did not exhaust all available administrative remedies before commencing this federal action, as required by the PLRA. Accordingly, their motion for summary judgment (Docket No. 54) is hereby **GRANTED**. Plaintiff's claims pursuant to section 1983 and the RLUIPA are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 15, 2016.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE